**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:22-cv-20772-JLK

YAMILEE BENNETT, MARIA BUSH,
AMINATA MBAYE, ALON ROBERTS,
and AFRICA WILLIAMS,

      Plaintiffs,

v.

BT'S ON THE RIVER, LLC d/b/a BOOBY
TRAP ON THE RIVER, a Florida Limited
Liability Company; MIKE BRUSO, an
individual; and MIKE ARZA, an individual;

      Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, BT'S ON THE RIVER, LLC, MIKE BRUSO, and MIKE ARZA

(collectively, "The Defendants"), by and through undersigned counsel, hereby file their Answer

and Affirmative Defenses to Plaintiffs'[1] Complaint as follows:

### INTRODUCTION

1.    Admitted that Plaintiffs are bringing this lawsuit pursuant to the FLSA. All other

allegations are denied.

### JURISDICTION AND VENUE

2.    Admitted for jurisdictional purposes only.

3.    Admitted for venue purposes only.

---

[1] Defendants filed their Motion to Compel Arbitration as to Aminata Mbaye prior to filing this Answer [**DE #10**].
Thus, this Answer is not filed as to Aminata Mbaye and none of the responses contained herein are applicable to
Aminata Mbaye.

## PARTIES

4.      The Defendants are without independent knowledge as to an individual named Yamilee Bennett's residence. All other allegations as to Yamilee Bennett contained in this Paragraph are denied.

5.      The Defendants are without independent knowledge as to an individual named Maria Bush's residence. All other allegations as to Maria Bush contained in this Paragraph are denied.

6.      This Paragraph related to Aminata Mbaye for which a Motion to Compel Arbitration is filed.

7.      The Defendants are without independent knowledge as to an individual named Alon Roberts's residence. All other allegations as to Alon Roberts contained in this Paragraph are denied.

8.      The Defendants are without independent knowledge as to an individual named Africa Williams' residence. All other allegations as to Africa Williams contained in this Paragraph are denied.

9.      Defendants are without knowledge as to who "Deleston" or "Simmons" this Paragraph is referencing. Therefore, denied. Further, denied as to all other identified individuals in this Paragraph.

10.     This Paragraph does not contain a fact allegation requiring a response.

11.     Admitted that BT's on the River, LLC has its principal place of business located at the alleged address. The remaining sentences in this Paragraph do not contain fact allegations requiring a response.

12.     Denied.

13.     Denied.

14.     This Paragraph does not contain a fact allegation requiring a response.

## INTERSTATE COMMERCE

15.     Denied.

16.     This Paragraph does not contain a fact allegation requiring a response.

17.     Admitted that BT'S ON THE RIVER, LLC has "multiple employees regularly selling alcoholic beverages produced and shipped from outside the State of Florida, regularly serving foods produced and shipped from outside the State of Florida." Whether or not BT'S ON THE RIVER, LLC "was an enterprise engaging is interstate commerce" is a legal question, not a fact allegation requiring a response.

18.     Defendants are without knowledge as to the truthfulness or accuracy of this Paragraph. Therefore, denied.

19.     Admitted.

20.     Admitted.

## COMMON FACTUAL ALLEGATIONS

21.     Admitted that Plaintiffs are bringing this action pursuant to the FLSA.

22.     Admitted as to BT'S ON THE RIVER, LLC only. Otherwise, denied.

23.     Admitted.

24.     Admitted as to BT'S ON THE RIVER, LLC. Otherwise, denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied as alleged.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied as alleged.

43.     Admitted.

44.     Admitted.

45.     Admitted.

46.     Admitted.

47.     Denied.

48.     Denied.

49.     Denied as alleged.

50.     Denied as alleged.

51.     Defendants are without knowledge. Therefore, denied.

52.     This Paragraph does not contain a fact allegation requiring a response, but a legal conclusion.

53.     This Paragraph does not contain a fact allegation requiring a response, but a legal conclusion.

54.     This Paragraph does not contain a fact allegation requiring a response, but a legal conclusion.

55.     Denied as alleged.

56.     Denied as alleged.

57.     Denied as alleged.

## COLLECTIVE ACTION ALLEGATIONS

58.     Denied.

59.     Denied.

60.     Denied.

61.     This Paragraph does not contain a fact allegation requiring a response.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

## COUNT I
## Violation of 29 U.S.C. §206 and 215

66.      The Defendants incorporate and restate their responses to Paragraphs 1-65, above, as if fully stated herein.

67.     This Paragraph does not contain a fact allegation requiring a response, but a legal conclusion.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

## COUNT II
### Reimbursement of House Fees and Tips

79.     The Defendants incorporate and restate their responses to Paragraphs 1-65, above, as if fully stated herein.

80.    Denied.

81.    Denied.

82.    Denied.

83.    This Paragraph does not contain a fact allegation requiring a response, but a legal conclusion.

84.    This Paragraph does not contain a fact allegation requiring a response. The referenced regulation is the best evidence of its content, meaning, and intent.

85.    This Paragraph does not contain a fact allegation requiring a response, but a legal conclusion.

86.     This Paragraph does not contain a fact allegation requiring a response, but a legal conclusion.

87.     This Paragraph does not contain a fact allegation requiring a response, but a legal conclusion.

88.     This Paragraph does not contain a grammatically intelligible fact allegation. Therefore, Defendants cannot admit or deny it.

89.     Denied as alleged as to these Plaintiffs.

90.     This Paragraph does not contain a fact allegation requiring a response, but a legal conclusion.

## **GENERAL DENIAL**

Defendants, BT'S ON THE RIVER, LLC, MIKE BRUSO, and MIKE ARZA, deny each and every allegation contained in the Complaint not specifically admitted-to.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiffs' claims are barred to the extent that they did not actually work the hours they are alleging they are owed minimum wage payment for.

### **Second Affirmative Defense**

Plaintiffs' claims are barred because she lacks standing under Article III of the U.S. Constitution to bring claims for unpaid overtime and/or minimum wages.

### **Third Affirmative Defense**

Plaintiffs' claims are barred in whole or in part because, to the extent that they even performed any services for the benefit of the Defendants, some or all of these services were performed outside the limitations period of two years under the FLSA. See, 29 U.S.C. §255.

### Fourth Affirmative Defense

Plaintiffs' claims are barred because, to the extent that they even performed any services for the benefit of the Defendants, they failed to apprise the Defendants of the time they spent doing so and defendants lacked actual or constructive knowledge that Plaintiffs were performing the hours they now claim.

### Fifth Affirmative Defense

Plaintiffs' claims are barred because, to the extent they even performed any services at the entity Defendant's facility, they did so as independent contractors and not as employees and, thus, are not entitled to any FLSA overtime or minimum wage.

### Sixth Affirmative Defense

Plaintiffs' damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of, in any occurred, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Seventh Affirmative Defense

To the extent Plaintiffs' claim for unpaid wages under the FLSA relate to "pure gap time" (time below 40 hours in any workweek, but above minimum wage) such claims are not recoverable under the FLSA because the FLSA requires payment of minimum wages and overtime only. See, e.g., *Jernigan v. 1st Stop Recovery, Inc.*, No. 2:17-cv-265-FtM-99MRM, 2017 U.S. Dist. LEXIS 136499, at *4-5 (M.D. Fla. Aug. 25, 2017); *Jackson v. First Student Mgmt.*, No. 3:16-cv-557-J-20MCR, 2017 U.S. Dist. LEXIS 228082, at *12 (M.D. Fla. Apr. 19, 2017) ("This Court agrees with the Second Circuit's analysis that the FLSA's text simply does not consider or afford a recovery for gap-time hours.")

### Eighth Affirmative Defense

To the extent Plaintiffs even performed any services at the entity Defendant's facility, their claims would be barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they engaged in certain activities that were preliminary or postliminary to their principal activities.

### Ninth Affirmative Defense

To the extent Plaintiffs even performed any services at the entity Defendant's facility, their damages would be barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Tenth Affirmative Defense

To the extent BT'S ON THE RIVER, LLC is found not to be liable for FLSA violations, MIKE BRUSO, and MIKE ARZA are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the entity Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

WHEREFORE, Defendants, having fully answered Plaintiffs' Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that they be awarded costs, including reasonable attorneys' fees.

### JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

9

Respectfully submitted, this 23rd day of May, 2022.

> ADI AMIT, P.A.
> *Attorneys for Defendants*
> 101 Centre
> 101 NE Third Avenue, Suite 300
> Fort Lauderdale, Florida 33301
> Phone: (954) 533-5922
> E-mail: Adi@DefenderOfBusiness.com
>
> By: *s/Adi Amit*
>      Adi Amit, Esquire
>      Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2022, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> /s/ *Adi Amit*
> Adi Amit

## SERVICE LIST

*Yamilee Bennett, et al. v. BT's on the River, LLC, etc., et al.*
Case No. 1:22-cv-20772-JLK

| | |
|---|---|
| Carlos Leach, Esquire | Adi Amit, Esquire |
| Edward W. Wimp, Esquire | ADI AMIT, P.A. |
| THE LEACH FIRM, P.A. | 101 Centre |
| 631 S. Orlando Ave., Suite 300 | 101 NE Third Avenue |
| Winter Park, FL 32789 | Suite 300 |
| cleach@theleachlawfirm.com | Fort Lauderdale, Florida 33301 |
| ewimp@theleachlawfirm.com | adi@defenderofbusiness.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |