**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:22-CV-20772-SCOLA/DAMIAN

YAMILEE BENNETT, *ET AL*,

      Plaintiffs,

v.

BT'S ON THE RIVER, LLC d/b/a
BOOBY TRAP ON THE RIVER, a
Florida Limited Liability Company;
MIKE BRUSO, an individual; and
MIKE ARZA, and individual;

      Defendants.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS'**
**MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**
**AS TO OPT-IN PLAINTIFFS BRIANA SAMUEL,**
**IMARI EVANS, AND MOSHAMMED ISLAM [ECF NO. 94]**

THIS CAUSE is before the Court on Defendants, BT's on the River LLC, Mike Bruso, and Mike Arza's (collectively, "Defendants"), Motion to Compel Arbitration and Stay Proceedings, filed February 13, 2023 [ECF No. 94 ("Motion")]. Defendants request the Court compel Opt-In Plaintiffs Briana Samuel, Imari Evans, and Moshammed Islam (collectively, "Plaintiffs") to submit to arbitration and stay proceedings as to their claims. This matter was referred to the undersigned by the Honorable Robert N. Scola, United States District Judge. [ECF No. 101]. *See* 28 U.S.C. § 636(b)(1)(B).

The undersigned has reviewed the Motion, the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. Plaintiffs did not file a response to the Motion, and the time to do so has passed. Plaintiffs' failure to respond is sufficient grounds to grant the Motion by default pursuant to Local Rule 7.1(c)(1).

Nevertheless, the undersigned has reviewed the Motion and, for the reasons that follow, recommends the Court grant the Motion, compel Mses. Samuel, Evans, and Islam to submit to arbitration, and stay proceedings as to their claims pending arbitration.

The undersigned previously submitted three Report and Recommendations on similar motions to compel arbitration and stay proceedings in this case. [ECF No. 38, 80, 88]. Neither party objected to those Reports, and all three Reports were adopted in full by the Court. [ECF No. 53, 87, 91]. Like those in the previous Reports, Plaintiffs now before the Court are current and former exotic dancers at Defendant BT's on the River ("BT's"), which is owned by Defendants Bruso and Arza. Compl. at ¶¶ 10-13. It is the Defendants' position that many (if not all) of the Plaintiffs in this case signed Dancer Performance Lease Agreements with BT's which contain arbitration provisions that require them to arbitrate any controversy or claim arising out of their association with BT's. To date, Defendants have produced such Agreements entered between Defendant BT's and Plaintiffs Aminata Mbaye, Alon Roberts, and Marissa Walker, and now Briana Samuel, Imari Evans, and Moshammed Islam. *See* ECF Nos. 10-1, 62, 79-1, 94-1.[1]

Having reviewed the Dancer Performance Lease Agreements between Plaintiffs Samuel, Evans, and Islam and BT's and the arbitration provision therein, the undersigned finds that the Agreements between Plaintiffs and BT's is virtually identical to the Agreements between BT's and Plaintiffs Mbaye Roberts, and Walker, and likewise finds the Agreements require Mses. Samuel, Evans, and Islam to submit to arbitration. *Compare* ECF Nos. 10-1, 62, 79 and ECF No. 94-1. Further, as noted above, Plaintiffs did not respond to the Motion or

---

[1] Plaintiffs Candace Allen, Stephanie Medina, Patrice Thomas, and Cassandra St. Fleur also agreed to arbitrate their claims based upon such Agreements, but their Agreements are not currently in the record. *See* ECF Nos. 92-93.

raise any issues that would require the Court to treat the present circumstances differently than those raised in the prior motions to compel arbitration.

Accordingly, it is respectfully **RECOMMENDED** that the Court **GRANT** Defendants' Motion to Compel Arbitration and Stay Proceedings as to Briana Samuel, Imari Evans, and Moshammed Islam [ECF No. 94], compel Mses. Samuel, Evans, and Islam to arbitrate their claims, and stay proceedings as to Mses. Samuel, Evans, and Islam's claims pending arbitration.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Robert N. Scola, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami Florida, this  29th day of March 2023.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE


cc:     Hon. Robert N. Scola
        Counsel of Record