United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Yamilee Bennett, et al., Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-20772-Civ-Scola |
| | ) | |
| BT'S On The River, LLC, et al., | ) | |
| Defendants. | ) | |

## Order Adopting Magistrate Judge's Report and Recommendation

The Plaintiffs Yamilee Bennett, Maria Bush, Aminata Mbaye, Alon Roberts, and Africa Williams, and the Opt-In Plaintiffs Stephanie Medina, Candace Allen, and Aida Simmons (collectively, the "Plaintiffs") filed a motion for conditional certification and issuance of a court-authorized notice pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (ECF No. 37.) The Court referred the motion to United States Magistrate Judge Melissa Damian for a report and recommendation. (ECF No. 42.) Judge Damian issued a report and recommendation, recommending that the motion be granted in part and denied in part. (ECF No. 90.) The Defendants BT's On The River, LLC, Mike Bruso, and Mike Arza (collectively, the "Defendants") timely filed objections to portions of the report (ECF No. 95), to which the Plaintiffs did not respond. The Court has reviewed Judge Damian's report, the record, and the relevant legal authorities. For the reasons stated below, the Court **adopts** Judge Damian's recommendations and report (**ECF No. 90**) in their entirety, overruling the Defendants' objections, and, thus, **granting in part** and **denying in part** the Plaintiffs' motion for conditional certification and issuance of a court-authorized notice. (**ECF No. 37.**)

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989)) (cleaned up). The objections must also present "supporting legal authority." L. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to

object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784.

The Defendants present four objections to Judge Damian's recommendations. The Court therefore reviews those portions of Judge Damian's report and recommendations de novo, and the remainder of the report and recommendations for clear error. *Macort*, 208 F. App'x at 783-84. Regardless of the standard the Court must apply, the Court finds the entirety of Judge Damian's analysis to be cogent, compelling, and correct.

The Defendants' first objection is that contrary to Judge Damian's recommendation, the Plaintiffs' proposed notice should not be posted at their workplace. The Defendants' arguments in support of this objection constitute the bulk of their submission, and largely focus on a purported rule that a party should only be required to post class notice at their job site upon a showing of uncooperativeness in the collective action process. While the Defendants' have provided various cases (predominantly from the Middle District of Florida) in support of such a rule, Judge Damian's report cites just as many cases where courts have allowed workplace posting absent a defendants' refusal to cooperate. (R. & R. 15–16, ECF No. 90.) The Defendants attempt to distinguish the cases cited by Judge Damian by arguing that the defendants therein either did not oppose, or inadequately opposed, the plaintiffs' respective requests to post workplace notice. However, that is a myopic characterization. For example, in *Rosell v. VMSB, Ltd. Liab. Co.*, the court reasoned that "[b]y allowing [p]laintiffs to post at [b]efendant's restaurant, it would allow for greater participation by possible opt-in plaintiffs." No. 20-20857-Civ, 2020 U.S. Dist. LEXIS 245601, at *15 (S.D. Fla. July 7, 2020) (Torres, M.J.). Similarly, in *Didoni v. Columbus Rest., LLC*, the court explained that the "[d]efendants' business w[ould] not be 'crippled' by the posting of the Notice in an area where no customers c[ould] see it, such as the employee break room or in the back of the restaurant." 327 F.R.D. 475, 481-82 (S.D. Fla. 2018) (Altonaga, J.). Here, as in those cases, the relevant circumstances indicate that workplace posting is appropriate.

The Defendants briefly contend that it would be punitive to require them to post notice at their jobsite, but they fail to explain why that would be so or what prevents them from posting the notice in a place hidden from the public but where potential plaintiffs would see it. As recognized by Judge Damian, this case presents unique "difficulties in locating current contact information for the putative plaintiffs[,]" which will undeniably be difficult to track down. (R. & R. 16, ECF No. 90.) The Defendants purport to counter this by arguing that workplace notice would be useless because "all potential opt-ins are either: (1) currently working at the Defendants' club, and would therefore

receive notice when Defendants provide Plaintiff with their current contact information; or (2) not currently working at the Defendants' club, and therefore would not see any notice posted at Defendants' jobsite." (Defs.' Objs. 3, ECF No. 95.) However, the proposed notice covers all entertainers who worked for the Defendants at any time in the three years prior to its mailing, and the two scenarios offered by the Defendants ignore a range of potential circumstances, such as where a former worker revisits the club. More importantly, there is no guarantee that the Defendants have adequate contact information even for current entertainers. Indeed, "defense counsel represented, at the hearing [before Judge Damian], that Defendants have very limited information regarding entertainers and former entertainers." (R. & R. 10, ECF No. 90.)[1]

Moving on to the three other objections, the Defendants also argue that the Plaintiffs should not be permitted to provide notice via email because they have not provided a copy of the proposed email, that the notice should identify the address where putative plaintiffs worked, and that the proposed notice incorrectly addresses their potential entitlement to attorneys' fees and costs. The Court notes that the Defendants did not raise these objections either in their response to the Plaintiffs' motion or before Judge Damian during the hearing. As such, the Court is not required to address them. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). Nonetheless, the Court has considered the Defendants' additional objections and finds them to be without merit.

First, the Defendants have cited no authority in support of their argument that Plaintiffs are precluded from sending notice via email merely because they have not provided the proposed language of the email. The one case cited by the Defendants, *Aguado v. Lara's Trucks*, No. 1:11-CV-04279-MHS, 2012 U.S. Dist. LEXIS 207175, at *16 (N.D. Ga. June 18, 2012), does not address email notice, much less whether plaintiffs are required to provide a sample email as a prerequisite to utilizing that notice form. Moreover, Judge Damian's report provides a proposed, court-authorized notice for Plaintiffs to use, which was edited with input from both sides. In the event said notice is only attached to, or linked in, the emails, the language in the body of the emails is obviously expected to conform to that authorized by the court.

---

[1] The Defendants also include a one-sentence argument that workplace notice is inappropriate because all the entertainers currently performing at their club are subject to arbitration agreements. However, they fail to discuss this point any further, and Judge Damian's report thoroughly discussed the Defendants' arbitration-related arguments, recommending that the matter be addressed at a later time. (R. & R. 21–22, ECF No. 90.)

Similarly, the Defendants provide no support for their position that the proposed notice needs to specifically include the address of BT's On The River. Although other places may have similar names, there is a single locale that goes by "BT's On The River." In addition, there is no question that the Plaintiffs' notice efforts will be limited to employees at that particular location.

Finally, the Defendants also fail to adequately support their objection to the proposed notice's warning regarding attorneys' fees and costs. Judge Damian recommended that the court-authorized notice include language indicating the Plaintiffs' potential liability to the Defendants for fees and costs. Specifically, the proposed notice states that "[i]f Defendants prevail in this action, they may seek, and, in some limited circumstances, may be entitled to recover their costs and fees." (*See* ECF No. 90-1.) The Defendants argue that the foregoing language overlooks Rule 54(d)'s presumption that costs should be awarded to the prevailing party. Notwithstanding this, the Court finds that the language sufficiently conveys to potential plaintiffs that they run the risk of being liable for both fees and costs if the Defendants prevail.

Accordingly, the Court **affirms and adopts** the report and recommendation (**ECF No. 90**), **overruling** the Defendants' objections (**ECF No. 95**), thus **granting in part** and **denying in part** the Plaintiffs' motion for conditional certification and issuance of a court-authorized notice. (**ECF No. 37**.)

**Done and ordered** at Miami, Florida, on March 29, 2023.

Robert N. Scola, Jr.
United States District Judge