UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-CV-20772-SCOLA/DAMIAN

YAMILEE BENNETT, *et al.*,

    Plaintiffs,

v.

BT'S ON THE RIVER, LLC d/b/a
BOOBY TRAP ON THE RIVER, *et al.*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR
## LEAVE TO FILE AMENDED COMPLAINT [ECF NO. 114]

THIS CAUSE is before the Court on Plaintiffs' Motion for Leave to File Amended Complaint, filed May 11, 2023 [ECF No. 114 ("Motion")]. In the Motion, Plaintiffs seek leave to file an amended complaint that accounts for the dismissal of Defendant Mike Bruso and adds a new Defendant, Gregg Berger, to the lawsuit.[1]

The Court has considered the Motion [ECF No. 114,], the Response thereto [ECF No. 141], the proposed Amended Complaint [ECF No. 114-2], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. For the following reasons, the Motion is denied.

### I.     BACKGROUND

On March 15, 2022, Plaintiffs filed this FLSA collective action seeking unpaid minimum wages (including unlawful kickbacks), liquidated damages, and attorneys' fees.

---

[1] This matter was referred to the undersigned by the Honorable Robert N. Scola, United States District Judge. [ECF No. 116]. See 28 U.S.C. § 636(b)(1)(A).

[ECF No. 1 ("Complaint")]. The Complaint named as Defendants Plaintiffs' alleged employer, BT's on the River ("BT's"), and two of its alleged owners, Mike Bruso and Mike Arza. *Id*.

On May 23, 2022, Defendants submitted the Declaration of Gregg Berger in support of their Motion to Compel Arbitration and Stay Proceedings as to Plaintiff Amanita Mbaye. [ECF No. 10-1]. In the Declaration, Mr. Berger states that he is the operating partner for BT's and is responsible for the record keeping and operations of the company. *Id*. at ¶¶ 2-3.

On September 13, 2022, the parties filed their Joint Preliminary Report and Discovery Plan, wherein Plaintiffs stated that they "intend to name additional parties as defendants." [ECF No. 34]. In the proposed Scheduling Order attached to the Joint Preliminary Report, the parties agreed to September 22, 2022, as the deadline to join additional parties. [ECF No. 34-1]. The Court adopted this deadline in its Scheduling Order entered on October 7, 2022, which stated that the deadline to join additional parties or amend pleadings had passed. [ECF No. 43].[2]

On December 1, 2022, Plaintiffs took the deposition of Gregg Berger in his capacity as BT's corporate representative. Mot. at 2. At the deposition, Mr. Berger testified, *inter alia*, that he is an owner, manager, and operating partner of BT's; that he manages the day-to-day operations at the club; and that the managers of the club report to him and Defendant Arza. [ECF No. 114-2 ("Excerpt from Berger Deposition") at 18:21-20:23]. Mr. Berger further testified that Defendant Bruso is only an investor in the club and does not have any managerial duties. *Id*. at 19:6-10.

---

[2] On April 17, 2023, the Court entered the Amended Scheduling Order, which did not modify the deadline to join additional parties or amend pleadings. [ECF No. 107].

On May 11, 2023, Plaintiffs filed the Motion now before the Court seeking leave to file an amended complaint. [ECF No. 114]. The proposed Amended Complaint contains identical counts and substantially similar allegations as the original Complaint. *Compare* ECF No. 114-2 *with* ECF No. 1. The significant changes from the original Complaint are the addition of Gregory Berger and the removal of Mike Bruso as Defendants. *Id.*

On May 25, 2023, Defendants filed their Response in Opposition to the Motion. [ECF No. 141]. In the Response, Defendants argue that Plaintiffs have not established good cause or due diligence justifying or excusing the filing of the Motion to Amend after the deadline to amend because Plaintiffs had notice of Mr. Berger's status as co-owner and co-manager of BT's since May 2022, when he submitted his Declaration in Support of the Motion to Compel Arbitration, or—at latest—December 2022, when Mr. Berger's deposition took place. *See* Resp. at 5.

Plaintiffs did not file a Reply, and the time to do so has passed. Accordingly, the Motion is fully briefed and ripe for adjudication.

## II.   APPLICABLE LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings in federal court. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 instructs courts to freely give leave to amend when justice so requires. *Id.* Thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies

3

by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

In addition, under Rule 16 of the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3)(A). Scheduling orders may be modified only "for good cause and with the judge's consent." *See id*. at (b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotations omitted). Accordingly, "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Id*. at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment).

### III.    DISCUSSION

Plaintiffs argue that the Court should grant the Motion because the newly alleged facts in the Amended Complaint regarding Mr. Berger's status as co-owner and manager of BT's were "entirely unknown" to Plaintiffs at the time they filed the original Complaint. Mot. at 4. Plaintiffs assert that there is no undue delay in their request because they "moved swiftly" to file the Motion once they discovered Mr. Berger's role in the company. *Id*.

Plaintiffs' assertions that they moved swiftly to file the Motion after discovering Mr. Berger's role at BT's cannot be reconciled with the record in this case. The record reflects that

Plaintiffs filed the Motion approximately five months after Mr. Berger's December 2022 deposition, in which he explained his role with the company and that of the other Defendants. Moreover, in Mr. Berger's Declaration submitted on May 23, 2022, in support of Defendants' Motion to Compel Arbitration and Stay Proceedings as to Plaintiff Amanita Mbaye, Mr. Berger explains that he is the operating partner for BT's and is responsible for the record keeping and operations of the company. [ECF No. 10-1 at ¶¶ 2-3]. Mr. Berger's Declaration was filed well before the September 2022 deadline to add parties and amend pleadings and approximately a year before Plaintiffs filed this Motion. Thus, Plaintiffs were on notice regarding Mr. Berger's role with BT's before the deadline to amend pleadings as a result of the Declaration. And, although Mr. Berger's deposition took place three months after the deadline for amendments, had they been diligent, Plaintiffs could have sought leave to amend at that point, only three months after the deadline, as opposed to eight months later.

The Court also notes that in the parties' Joint Preliminary Report, filed September 13, 2022, after Plaintiffs were given notice of Mr. Berger's role through his Declaration, Plaintiffs specifically indicated that they intended to name additional parties as Defendants. [ECF No. 34]. Moreover, in the Joint Report, Plaintiffs agreed to the September 22, 2022, deadline to join additional parties. [ECF No. 34-1]. Despite indicating they intended to name additional parties and agreeing to the deadline to join additional parties, Plaintiffs apparently failed to exercise diligence in investigating whether any parties should be added, like Mr. Berger, whose Declaration was in Plaintiffs' possession since May 2022.

Defendants highlight Plaintiffs' apparent lack of diligence and unjustified delay in their Response, but Plaintiffs failed to file a Reply or respond to Defendants' arguments on this point.

As discussed above, the Court need not allow an amendment where there has been undue delay, and where, as here, the party seeking leave to amend is doing so after the deadline for amendments has passed, the party must demonstrate good cause for failing to meet the deadline. *See Sosa*, 133 F.3d at 1418-19 (affirming decision to deny motion to amend where plaintiff received critical information two weeks prior to the deadline to amend but did not file motion until six months after the deadline). Here, Plaintiffs have not shown good cause for their failure to add Mr. Berger as a Defendant by the September 22, 2022, deadline nor do they provide any reason why justice requires permitting the amendment. Because Plaintiffs failed to justify their lack of diligence, the Court finds that Plaintiffs have not shown good cause for modification of the Scheduling Order to permit Plaintiffs to file their Amended Complaint out of time. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to File Amended Complaint [ ECF No. 114] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami Florida, this day of 27th July, 2023.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc:   Robert N. Scola, *United States District Judge*
      Counsel of Record